United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 25-14910-amc |
| Samuel Espino Grullon | Chapter 13 |
| Debtor | |

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jun 05, 2026 | Form ID: pdf900 | Total Noticed: 3 |

The following symbols are used throughout this certificate:

**Symbol      Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 07, 2026:**

**Recip ID               Recipient Name and Address**
db                  + Samuel Espino Grullon, 4600 Pennhurst Street, Philadelphia, PA 19124-3828

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Jun 06 2026 00:24:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Jun 06 2026 00:24:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |

TOTAL: 2

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 07, 2026                Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 5, 2026 at the address(es) listed below:**

**Name                          Email Address**

JACOB C. ZWEIG

on behalf of Creditor Portfolio Recovery Associates  LLC, by and through its servicing agent, PRA Receivables Management, LLC jzweig@evanspetree.com, crecord@evanspetree.com

KENNETH E. WEST

ecfemails@ph13trustee.com  philaecf@gmail.com

District/off: 0313-2    User: admin    Page 2 of 2

Date Rcvd: Jun 05, 2026    Form ID: pdf900    Total Noticed: 3

MAGGIE S SOBOLESKI

on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY msoboleski@kmllawgroup.com
3532@notices.nextchapterbk.com

MATTHEW K. FISSEL

on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com
matthew.fissel@brockandscott.com

PAUL H. YOUNG

on behalf of Debtor Samuel Espino Grullon support@ymalaw.com
ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com,tkennedy@ymalaw.com
,lesliebrown.paralegal@gmail.com,cmccullough@ymalaw.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Samuel Espino Grullon <br> _Debtor_ | CHAPTER 13 |
| PENNSYLVANIA HOUSING FINANCE AGENCY <br> _Moving Party_ <br> vs. | NO. 25-14910 AMC |
| Samuel Espino Grullon <br> _Debtor_ | |
| Kenneth E. West <br> _Trustee_ | 11 U.S.C. Section 362 |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      As of May 19, 2026, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$236.65**. Post-petition funds received after May 19, 2026, will be applied per the terms of this stipulation as outlined herein. The arrearage is itemized as follows:

Post-Petition Payments:          January 2026 through May 2026 at $47.33 each
**Total Post-Petition Arrears:   $236.65**

2.      The Debtor shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$236.65**.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$236.65** along with the pre-petition arrears.

c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3.      Beginning with the payment due **June 2026** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$47.33** (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.      Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court may enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court may enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: May 21, 2026

/s/ Maggie Soboleski
Maggie Soboleski, Esq.
Attorney for Movant

Date:_____

Paul H. Young
Attorney for Debtor

Date:_____

/s/ Jack K. Miller, Esquire       for
Kenneth E. West
Chapter 13 Trustee

Approved by the Court this 5th day of ___June___, 2026. However, the Court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan